Todd Krakower, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-6333
Fax: 347-765-1600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
--------------------------------------------------------x

**EDGAR MENDOZA,**

                            **Plaintiff,**

               **-against-**

**MICHAEL ROBERTS CLASSIC BODY WORKS, INC. and MICHAEL ROBERTS, Individually,**

                          **Defendants.**
--------------------------------------------------------x

**COMPLAINT**

Civil Action No. _____

**July Trial Demanded**

      Plaintiff Edgar Mendoza ("Plaintiff"), by and through his attorneys, Krakower DiChiara LLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants MICHAEL ROBERTS CLASSIC BODY WORKS, INC. and MICHAEL ROBERTS, Individually (collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

      1.     Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1 *et seq.*, ("NJWHL").

1

2. Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees, punitive damages, and other appropriate legal and equitable relief pursuant to federal law.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

**PARTIES**

**Defendants**

**Defendant Michael Roberts Classic Body Works, Inc.**

7. Defendant Michael Roberts Classic Body Works, Inc. ("Classic Body Works") is a domestic corporation with a main business address at 138 South Van Brunt Street, Englewood, NJ 07631, in Bergen County.

8. At all times relevant to this Complaint, Defendant Classic Body Works (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant to this Complaint, Defendant Classic Body Works was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

10. At all times relevant to this Complaint Defendant Classic Body Works was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

**Defendant Michael Roberts**

11. Upon information and belief, Defendant Michael Roberts ("Roberts") was a principal executive officer and/or owner of Defendant Classic Body Works.

12. At all times relevant to this Complaint, Defendant Robert's was Plaintiff's direct supervisor.

13. At all times relevant to this Complaint, Defendant Roberts was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

14. At all times relevant to this Complaint, Defendant Roberts had power over personnel decisions at Classic Body Works, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

15. Upon information and belief, at all times relevant to this Complaint, Defendant Roberts had the power to determine employee policies at Classic Body Works, including, but not limited to determining whether employees are paid for all hours worked and whether employees are paid overtime wages.

16. Upon information and belief, at all times relevant to this Complaint, Defendant Roberts was actively involved in managing the day-to-day operations of Classic Body Works.

17. At all times relevant to this Complaint Defendant Roberts was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

18. At all times relevant to this Complaint, Defendant Roberts was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

**Plaintiff Edgar Mendoza**

19. Plaintiff is a resident of Jersey City, New Jersey, in Union County.

## FACTUAL ALLEGATIONS

20. Defendants did the following acts knowingly and willfully.

21. Plaintiff was employed by Defendants as a laborer from May 2014 to March 2015.

22. At all times relevant to this Complaint, Plaintiff was employed in a non-overtime exempt position and performed auto body labor.

23. At all times relevant to this Complaint, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

24. Plaintiff was scheduled to work Monday through Friday from 8 a.m. through 6 p.m.

25. Plaintiff was allotted 30 minutes for lunch.

26. In addition to the scheduled work hours, Defendants required Plaintiff to work after his scheduled end time and on weekends.

27. Plaintiff regularly worked later than 6pm.

28. Additionally, Defendants regularly clocked Plaintiff out and then required him to continue working without any compensation at all.

29. Plaintiff was not properly compensated for hours worked in excess of forty (40) per week.

30. Plaintiff was not compensated time and a half for all hours worked in excess of forty (40) per week.

31. Plaintiff's hourly rate was $20 per hour, and his overtime rate was $30 per hour.

32. However, Defendants failed to compensate Plaintiff $30 for all hours worked in excess of forty (40) per week.

33. Defendants occasionally compensated Plaintiff $25 per hour for some hours worked in excess of forty (40) hours in a week; however, Plaintiff's overtime rate was $30 per hour.

34. Further, Defendants failed to compensate Plaintiff at all for 2-7 hours of overtime worked each week.

35. Throughout Plaintiff's employment, Defendant failed to pay Plaintiff for all hours worked in violation of the FLSA and NJWHL.

36. Throughout Plaintiff's employment, Defendant failed to pay Plaintiff overtime wages for hours works in excess of forty (40) in a workweek in violation of the FLSA and NJWHL.

**FIRST CAUSE OF ACTION**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce within the meaning of the FLSA and/or were employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of the FLSA.

39. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

40. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the regular rate at which he was employed for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff was entitled to overtime.

41. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rates, one and a half times the regular rate at which he was employed for hours worked in excess of forty (40) hours per workweek.

42. Defendant's actions were willful within the meaning of the FLSA.

43. Defendant's failure to comply with the FLSA overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

44. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(Violations of the NJWHL, N.J.S.A. § 34:11-56a, *et seq.*– Unpaid Wages)**

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. At all times relevant to this Complaint Defendants were and are employers within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

47. Throughout the statute of limitations period covered by these claims, Plaintiff worked hours for which he was not paid.

48. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff the regular hourly rate for work done for Defendants, and willfully failing to keep records required by the NJWHL even though Plaintiffs was entitled to pay for the hours he spent working for Defendants.

49. Defendant's failure to comply with the NJWHL caused Plaintiff to suffer loss of wages and interest thereon.

50. Due to Defendant's NJWHL violations, Plaintiff is entitled to recover unpaid wages and interest owed on unpaid wages held by Defendant over an extended period of time, as well as reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(NJWHL Overtime Violations, N.J.S.A. § 34:11-56a, *et seq.*)**

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

53. At all relevant times, Defendants operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular rate for work in excess of forty (40) hours per workweek, even though Plaintiff was entitled to overtime.

54. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required state law overtime rate for hours worked in excess of forty (40) hours per workweek.

55. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, as well as any and all available statutory and/or punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered on his behalf in accordance with the above claimed causes of action and requests the following:

A. All compensatory and economic damages;

B. All reasonable expenses incurred by Plaintiffs, including court costs and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

C. Attorneys' fees, including attorneys' fees as provided by statute;

D. Punitive and statutory damages as authorized by law;

E. Pre-judgment and post-judgment interest; and

F. Such further relief as the Court finds just and proper.

| Dated: | Park Ridge, New Jersey<br>March 16, 2017 | Respectfully submitted, |
|---|---|---|

**KRAKOWER DICHAIRA LLC**

By:

   s/ Todd Krakower_____

    Todd J. Krakower

One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
201-746-6333
347-765-1600 (fax)

*Attorneys for Plaintiff*


### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.